UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CONSTANCE OHRN and MARK OHRN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO.: 1:12-cv-00620-TWP-DML |
| | ) |
| JDPHD INVESTMENT GROUP, LLC, | ) |
| | ) |
| Defendant. | ) |

## Order on Plaintiffs' Motion for Leave to File Amended Complaint

Plaintiffs Constance Ohrn and Mark Ohrn move (Dkt. 29) the court to grant them leave to file an amended complaint.

This is a wrongful death case that was removed from state court to this court on May 8, 2012, based on diversity jurisdiction. Defendant JDPHD Investment Group, LLC owns an apartment complex in Bloomington, Indiana. The plaintiffs assert that JDPHD is responsible for their daughter's death in a fire at one of the apartments. They seek to amend their complaint to add two defendants: Dan Smith, the maintenance supervisor at the apartment complex, and Kathy Sadler, the property manager. These proposed defendants are "residents" of Indiana, according to the proposed amended complaint. JDPHD, their employer, states that they are Indiana citizens, which the plaintiffs do not dispute.[1] Thus, they share citizenship with plaintiff Constance Ohrn and if the court were to grant leave, it must remand this case to the Monroe Circuit Court, as provided by 28 U.S.C. § 1447(e):

> (e)   If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

---

[1]   Citizenship, not residence, is the pertinent inquiry for jurisdictional purposes.

In *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752 (7th Cir. 2009), the Seventh Circuit adopted an analytical framework for district courts when exercising their discretion in deciding whether to allow the post-removal joinder of a non-diverse defendant, which would then require remand, or to deny amendment and retain jurisdiction. *Id.* at 759. The court should consider: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable consideration." *Id.*

The court's consideration of these factors leads it to DENY the plaintiffs' motion for leave to amend their complaint.

### A. The Plaintiffs' Motive for Joining the Maintenance Supervisor and Property Manager

The court agrees with JPDHD that it appears highly likely that the plaintiffs' motive for joining these defendants is to defeat federal jurisdiction. Indeed, the plaintiffs do not expressly deny that motive. They protest only that their proposed joinder of the property manager and maintenance supervisor does not meet the test for fraudulent joinder.

The first factor under *Schur*—whether the plaintiffs' motive for seeking to join non-diverse parties is to defeat federal jurisdiction—is not the same as the fraudulent joinder inquiry. *Schur,* 577 F.3d at 763-64. Fraudulent joinder is a doctrine applied when a case is initially removed to federal court. It permits a district court to disregard the citizenship of a non-diverse defendant the plaintiff named in his state court complaint if the court finds that there is no reasonable possibility that the plaintiff could succeed on the merits of his claim against the non-diverse defendant. *Id.* Fraudulent joinder is very difficult to establish, and a defendant is not required to establish it for purposes of the court's section 1447(e) analysis. Even if a plaintiff's

proposed claim against a non-diverse defendant is plainly viable, the court may still consider whether the joinder request appears to be designed to defeat federal jurisdiction. *Id.* Of course, where the claim against the non-diverse defendant lacks a reasonable basis in fact or law, the inference that the claim is asserted to defeat jurisdiction becomes plainer. *Id.* at 767.

In their original complaint filed in the Monroe Circuit Court, the plaintiffs allege that defendant JDPHD (the owner of the apartment complex) acted negligently in failing "to provide proper fire stops, firewalls, smoke barriers and/or smoke containment and self closing doors on the apartment units" (Complaint, Dkt. 1-1 at p. 5, ¶ 9) and "negligently disconnected the electrical power to the fire alarm system which prevented the fire alarm from operating during the fire." (*Id.*, ¶ 10). In the proposed amended complaint, the plaintiffs substitute Kathy Sadler, the apartment manager, and Dan Smith, the maintenance supervisor, for JDPDH in their allegation regarding the electrical system and state that "Kathy Sadler and Dan Smith, employees of JDPHD, negligently caused the electrical power to the fire system to be disconnected and negligently caused the installation of a padlock on the electrical panel box which prevented the fire alarm from operating during the fire." They assert that these employees' actions were in the course of their employment so that JDPHD is liable to the plaintiffs for the employees' negligence. (Dkt. 29-1, ¶¶ 12-13).

Because defendant JDPHD bears responsibility under *respondeat superior* principles for any negligent actions by Ms. Sadler and Mr. Smith in the course of their employment, the plaintiffs can obtain complete relief against JDPHD without joining Sadler and Smith as defendants. *Barnett v. Clark,* 889 N.E.2d 281, 283-84 (Ind. 2008) (vicarious liability is imposed on employer under doctrine of *respondeat superior* where employee has inflicted harm within scope of his employment). This does not mean that the plaintiffs have no legal basis for seeking

3

to hold Sadler and Smith separately, though jointly, liable with JDPHD for their individual negligence, but it suggests along with other circumstances that the motive for their joinder is to defeat federal jurisdiction.  *See Bostrom v. Target Corp.,* 2006 WL 3370176 at *1-3 (N.D. Ill. Nov. 21, 2006) (exercising discretion to deny amendment adding store manager to premises liability claim against employer and noting that the plaintiff could obtain complete relief against the employer).

Had the plaintiffs originally intended to pursue individual judgments against JDPHD employees, they could have named the employees as "John Doe" defendants in their state court complaint, as permitted by Rule 17(F) of the Indiana Rules of Trial Procedure.  The Rule states: "When the name or existence of a person is unknown, he may be named as an unknown party, and when his true name is discovered his name may be inserted by amendment at any time." That would have signaled the plaintiffs' desire and intent to obtain judgments against individual employees as well as JDPHD for the conduct of the employees.  It appears that the plaintiffs were content to litigate in state court against only JDPHD and hold it wholly responsible for the fire, including liability stemming from the conduct of its employees.

The plaintiffs say nothing in their motion to amend or in their reply brief to explain why their strategy is different after removal, leaving the impression that the new strategy is motivated by a desire to avoid federal jurisdiction over their claims.  In fact, the plaintiffs' motion did not even alert the court that its grant would require remand—a circumstance also suggestive of a motive to defeat jurisdiction.  *See Bailey v. Bayer CropScience L.P.,* 563 F.3d 302, 309 (8th Cir. 2009).[2]

---

[2] The plaintiffs did address some of the relevant issues in their reply brief, which has led the defendant to seek leave to file a surreply in response. (Dkt. 35)  Leave to file a surreply is warranted under these circumstances, so the court GRANTS the motion for leave (Dkt. 35) and

4

### B. Timeliness of Motion to Amend

The timing of the plaintiffs' motion to amend does not strongly tip the balance for or against granting it. A plaintiff who seeks an amendment that would require remand should act very quickly after removal to bring his motion to prevent unnecessary delay in a basic determination of the forum where the case will be decided. *See In re Bridgestone/Firestone, Inc.,* 129 F.Supp.2d 1202, 1206 (S.D. Ind. 2001) (noting that the plaintiff's motion was filed four days after removal, which weighed heavily in favor of permitting amendment). The plaintiffs explain that their bringing the motion on October 2, 2012 (five months after removal and six days before the October 8 case management deadline for amending pleadings), was dictated by JDPHD having answered interrogatories on September 6, 2012, and having provided initial disclosures on September 7, 2012, that identified Ms. Sadler as the apartment manager and Mr. Smith as the maintenance supervisor. That is a plausible explanation for the timing of the motion, although the court also notes that the plaintiffs did not hint in the case management plan or at the initial pretrial conference of a need for the names of individual employees or their intent to name them as defendants. *See Bostrom,* 2006 WL 3370176 at *3 (finding it suspicious that the plaintiff waited six months after removal to determine the identity and citizenship of a store manager, the addition of whom would defeat federal jurisdiction).

### C. Injury to the Plaintiffs if Joinder Is Not Allowed

As discussed above, the plaintiffs can obtain complete relief without joining Sadler and Smith individually because, as their proposed complaint alleges, Sadler and Smith were acting within the course of their employment and thus JDPHD is liable to the plaintiffs for their actions.

---

directs the clerk to docket the surreply at Dkt. 35_1. Having permitted that surreply, the court notes that it did not consider the offer of plaintiffs' counsel in connection with the remand/amendment issues (an offer JDPHD referenced in both the motion for leave and the surreply) as relevant or persuasive in ruling on the motion for leave to amend.

Suing Sadler and Smith individually, assuming they were negligent, would provide the plaintiffs with additional sources to pay any judgment, but the plaintiffs do not suggest any basis for believing that JDPHD (or its insurer) could not satisfy a judgment in full. This factor thus weighs in favor of denying amendment.

### D.     Other Equitable Considerations

JDPHD points to its having properly removed the case to federal court and thus its strong interest in litigating in this court rather than in state court. Standing alone, that interest is present in every case in which the court must decide under 28 U.S.C. § 1446(e) whether to permit amendment and remand or deny amendment and retain jurisdiction. Nothing special distinguishes JDPHD's interest from that of any other non-forum defendant. As a factor separate from the other matters discussed in this entry, there appear to be no equitable considerations that strongly tip in favor of or against the plaintiffs' motion.

The court is convinced, however, that the motivating factor for the plaintiffs' proposed joinder of Ms. Sadler and Mr. Smith is to defeat federal jurisdiction. *See In re Bridgestone/Firestone, Inc.,* 129 F.Supp.2d 1202, 1207 (S.D. Ind. 2001) (emphasizing the plaintiff's motive for seeking amendment). They do not need them as parties to obtain complete relief; their original complaint made no mention of any intent to sue individual employees; they were content to litigate without them in state court; they did not advise the court in the parties' case management plan or at the initial pretrial conference of any desire to name employees as defendants; and their motion for leave to amend did not alert the court that if it were granted, the court would be required to remand.

**Conclusion**

For the foregoing reasons, the plaintiffs' motion for leave to amend their complaint to join Sadler and Smith as defendants (Dkt. 29) is DENIED.  The motion for leave to file surreply (Dkt. 35) is GRANTED, and the clerk is directed to docket the brief attached at Dkt. 35-1.

So ORDERED.

Date:  10/29/2012

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:  All ECF-registered counsel of record